UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA A. KELLY,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>  Defendant. | CASE NO.   C07-5300JKA<br><br>ORDER AFFIRMING ADMINISTRATIVE DECISION |

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's application for social security benefits. This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed, and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

Plaintiff contends the administrative decision is incorrect and argues for reversal or remand on the following basis: (i) the administrative law judge (ALJ) failed to find that Plaintiff's liver impairment meets Listing 5.05; (ii) the ALJ failed to take into account all of Plaintiff's exertional and non-exertional limitations when determining Plaintiff's residual functional capacity; and (iii) the ALJ's decision is not based on substantial evidence.

The Court must uphold the administrations's determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v.

ORDER
Page - 1

1  Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a
2  scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir.
3  1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than
4  one rational interpretation, the Court must uphold the administrative decision.  Allen v. Heckler, 749 F.2d
5  577, 579 (9th Cir. 1984).

6        After carefully reviewing the parties briefs and the administrative record, the court finds and
7  orders as follows.

8        1. If the claimant has an impairment(s) which has lasted or can be expected to last for not less than
9  12 months, and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed
10 impairment(s), the claimant will be considered disabled without considering age, education and work
11 experience.  20 C.F.R. § 404.1520(d).  Plaintiff argues she is entitled to benefits because her liver disease
12 meets Listing 5.05, which states:

13       Chronic liver disease (e.g., portal, postnecrotic, or biliary cirrhosis; chronic active hepatitis; Wilson's disease), with:

14

15       A. Esophageal varices (demonstrated by X-ray or endoscopy) with a documented history of massive hemorrhage attributable to these varices. Consider under a disability for 3 years following the last massive hemorrhage; thereafter, evaluate the residual
16 impairment; or

17       B. Performance of a shunt operation for esophageal varices. Consider under a disability for 3 years following surgery; thereafter, evaluate the residual impairment; or
18

19       C. Serum bilirubin of 2.5 mg. per deciliter (100 ml.) or greater persisting on repeated examinations for at least 5 months; or

20       D. Ascites, not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal paracentesis or associated with persistent
21 hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less; or

22       E. Hepatic encephalopathy. Evaluate under the criteria and Listing 12.02; or F. Confirmation of chronic liver disease by liver biopsy (obtained independent of Social
23 Security disability evaluation) and one of the following:

24       1. Ascites not attributable to other causes, recurrent or persisting for at least 3 months, demonstrated by abdominal paracentesis or associated with
25 persistent hypoalbuminemia of 3.0 gm. per deciliter (100 ml.) or less; or

26       2. Serum bilirubin of 2.5 mg. per deciliter (100 ml.) or greater on repeated examinations for at least 3 months; or
27

28       3. Hepatic cell necrosis or inflammation persisting for at least 3 months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction.

ORDER
Page - 2

20 CFR Part 404, Subpart P, Appendix 1.

In this case, the ALJ specifically concluded Plaintiff's impairments did not meet a Listing (Tr. 350-51, Finding 4). The medical evidence supports the ALJ's decision and does not support a basis for remand or a contrary decision that Plaintiff's condition meets requirements of Listing 5.05.  Plaintiff states that "just weeks after the hearing, her bile count was 2.5 mg/dl, which meets the listing," (Pl.'s Br. at 8). The report cited at Tr. 552 is from testing in May 2005 and does not contain the bilirubin count, rather the albumin count. The bilirubin count is found at Tr. 553, which indicates a count of 4.5 mg/dl which may support a finding of Listing level impairment if all other requirements of the Listing are met. In this case, they are not.  Medical records in January 2004 reflect that Plaintiff had elevated bilirubin levels upon admission to the hospital, 2.5 mg/dl, but these levels came down during her short hospitalization (Tr. 535-36). Within three days her bilirubin level was 1.9 mg/dl (Tr. 536).  To meet Listing 5.05C, Plaintiff must prove not only that testing showed a "serum bilirubin of 2.5 mg. per deciliter or greater," she must also show that these levels "persist[ed] on repeated examination for at least 5 months." 20 C.F.R. § 404, Subpart P, Appendix 1, § 5.05 C.  Although she had a bilirubin level of 2.5 mg/dL on January 6, 2004, it did not persist for at least five months, therefore, she has not presented evidence that she meets that Listing.

Plaintiff has also had elevated bilirubin levels at various times, however, none of these levels have persisted for the required five month period. For example, in May 2005, her bilirubin level was 4.5 mg/dL (Tr. 553).  In September 2005, her bilirubin level was 3.1 mg/dL (Tr. 559).  Based on the variability of the scores, the evidence does not support her contentions that she meets a Listing.

Plaintiff further contends that she "may" meet Listing 5.05 D based on an annotation of "ascites" during her hospitalization in May 2005 (Pl.'s Br. at 8).  In order to meet Listing 5.05D, Plaintiff must show that, in addition to chronic liver disease, she has: Ascites, not attributable to other causes, recurrent or persisting for at least 5 months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0 gm per deciliter (100 ml.), or less.  20 C.F.R. § 404, Subpart P, Appendix 1, 5.05 D.   The ALJ noted, although she had variceal bleeding, ascites with albumin levels under 3.0 gm/dL during her hospitalization in May 2005 (Tr. 552), the condition did not reach listing

1  level (Tr. 350).  There is no evidence that the ascites was recurrent or persisted for five months as
2  required by the Listing. Nor is there evidence that the ascites was attributable solely to hepatitis. Indeed,
3  the report from her hospitalization in January 2004, which also notes ascites, attributes the cause to a
4  combination of hepatitis, use of ibuprofen , and continued alcohol use (Tr. 535).

5        2. "[R]esidual functional capacity" is "the maximum degree to which the individual retains the
6  capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404,
7  Subpart P, App. 2 § 200.00(c) (emphasis added).  In evaluating whether a claimant satisfies the disability
8  criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis."  20 C.F.R.
9  § 404.1512(a). The regulations further specify:  "When we assess your physical abilities, we first assess
10 the nature and extent of your physical limitations and then determine your residual functional capacity for
11 work activity on a regular and continuing basis."  Id. at § 404.1545(b). Plaintiff argues the ALJ failed to
12 properly assess all of Plaintiff's limitations and thus, Plaintiff's RFC.

13       Here, the ALJ concluded Plaintiff had the residual functional capacity for a modified range of
14 light work (Tr. 351, Finding 5).  The ALJ specifically found Plaintiff was able to understand, remember,
15 and carry out simple instructions; had limited ability to understand and carry out detailed and complex
16 instructions; would perform best in jobs that were routine and did not require making judgments; could
17 occasionally interact with the public and co-workers, and could frequently interact with supervisors; and
18 could respond appropriately to work situations that did not require more than simple tasks (Tr. 351).

19       In her decision, the ALJ relied on the opinions Drs. Wingate and Johnston to support the above
20 residual functional capacity assessment.  Both physicians reported Plaintiff demonstrated the ability to
21 understand, remember, and complete 1 to 3-step tasks but had difficulty with more complex tasks (Tr.
22 206, 353). They also found that she could sustain concentration to computer work for at least two hours
23 and was able to complete chores and take care of her children on a regular and sustained basis with the
24 need for occasional reminders (Tr. 209, 353). Because of drug use and attention problems, it was
25 recommended that Plaintiff avoid distractions of the public or large numbers of co-workers, but
26 nonetheless, she was found able to interact with supervisors and a few co-workers (Tr. 209, 353).   The
27 ALJ further noted that Drs. Wingate and Johnston reported that Plaintiff needed assistance setting goals
28 because of lapses in judgment but that she could make simple decisions and work with routine tasks (Tr.

209, 353). In sum, the court finds the ALJ properly assessed Plaintiff's RFC, which is based on substantial evidence in the record.

    3. In conclusion, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 10th day of March, 2008.

                                        */s/ J. Kelley Arnold*
                                        J. Kelley Arnold
                                        U.S. Magistrate Judge